IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50737
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN ALAN WACASTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-96-CR-90
_____

ON PETITION FOR REHEARING
October 22, 1997
Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Having considered Wacaster's petition for rehearing, we agree that under the circumstances

presented here, he preserved his right to appeal the district court's denial of his motion to suppress.

This is because it is clear from the record that each party understood Wacaster's guilty pleas on the

drug-related charges to be conditioned on his right to appeal this adverse ruling, notwithstanding the

absence of a written conditional plea agreement. *See* Fed. R. Crim. Pro. 11(h) (allowing a court to

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

accept an unwritten conditional plea when it "does not affect substantial rights"); *United States v. Fernandez*, 887 F.2d 564, 566 n.1 (5th Cir. 1989) (excusing the defendant's failure to reduce his conditional plea to writing because the appeal of a denial of a motion to suppress does not entail the consideration of issues that should be decided at trial); *see also United States v. Bell*, 966 F.2d 914, 916 (5th Cir. 1992) (noting that a court of appeals may excuse a defendant's failure to enter a written conditional plea). Accordingly, our previous per curiam opinion dismissing his appeal is withdrawn.

Proceeding to the merits of Wacaster's appeal, we are confronted with his assertion that the evidence supporting his guilty pleas on two drug-related offenses was obtained as the result of an illegal search. Having carefully reviewed the record and the submissions of the parties, we reject this contention.

We review *de novo* a district court's legal conclusion that a search was unconstitutional under a particular set of circumstances. *United States v. Rodea*, 102 F.3d 1401, 1404 (5th Cir. 1996). We set forth the circumstances surrounding the challenged search in the light most favorable to the United States, the prevailing party below, because Wacaster does not challenge as clearly erroneous the findings of fact made by the district court at the evidentiary hearing held in conjunction with his motion to suppress. *See id.*

At the time he was arrested, Wacaster was a fugitive. The federal marshals who executed his arrest warrant knew that Wacaster had previously been convicted for both concealing explosives and burglary. When the marshals confronted Wacaster at his apartment, he initially refused to identify himself and then lied about his identity. The marshals, however, recognized Wacaster and arrested him.

While arresting Wacaster, who was only partially clad, the marshals heard a noise from further

2

inside the apartment. Concerned for their safety, they asked Wacaster if there was anyone else inside the apartment. He replied that there was a woman in the apartment. One of the marshals then began a protective sweep of the apartment and soon encountered a woman outside Wacaster's bedroom. Unable to ascertain whether she had been the sole source of the noise or whether Wacaster had been truthful in stating that there was only one other person in the apartment, this marshal continued his protective sweep. Upon opening the door to Wacaster's bedroom closet, he discovered in plain view both drugs and drug distribution equipment.

As the district court properly concluded, these events demonstrate that the marshal's protective sweep search met the three central requirements of the Fourth Amendment that were identified in *Maryland v. Buie*, 494 U.S. 325 (1990). First, contrary to Wacaster's contention, his criminal record, deceitful behavior, and the noise emanating from another room in his apartment, warranted the marshals' belief that a dangerous person might be present. *See id.* at 334 (allowing a protective sweep on the basis of "articulable facts . . . warrant[ing] a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene"). Second, because the marshal conducting the search could not take Wacaster at his word nor attribute the earlier noise to the woman he encountered, his sweep of Wacaster's bedroom was, notwithstanding Wacaster's contention that the justification for the search disappeared with the discovery of this woman, "necessary to dispel the reasonable suspicion of danger." *Id.* at 335.[2] Third, because a closet may contain and conceal a person, the opening of Wacaster's bedroom closet

---

[2] That the Marshal could not otherwise assure himself of a safe exit from Wacaster's apartment, particularly because he needed to obtain clothing for Wacaster before departing, further supports the Government's argument that the cursory inspection of Wacaster's bedroom closet was appropriate under the circumstances.

door was part of a protective sweep rather than, as Wacaster argues, a full search of the apartment. *See id.* at 334 (noting that police may search a "closet[]" because it is a place from which "an attack could be immediately launched").

For these reasons, we AFFIRM the district court's determination that the evidence seized from Wacaster's bedroom closet was not obtained as the result of an illegal search.